1  ERSKINE & TULLEY
   A PROFESSIONAL CORPORATION
2  MICHAEL J. CARROLL (ST. BAR #50246)
   220 Montgomery Street, Suite 303
3  San Francisco, CA  94104
   Telephone:  (415) 392-5431
4  Facsimile:  (415) 392-1978

5  Attorneys for Plaintiffs

                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA


BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA )   NO. C 07 3608 SC
FLOOR COVERING INDUSTRY WELFARE FUND; STEVE  )
HAVENS, TRUSTEE,                             )
                                             )
                    Plaintiffs,              )   COMPLAINT
                                             )
         vs.                                 )
                                             )
SOUTHSIDE FLOORING INC., a California        )
corporation,                                 )
                                             )
                    Defendant.               )
_____)

         Plaintiffs complain of defendant and for a cause of action allege that:

         1.  Jurisdiction of this Court is founded upon Section 301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. §185(a)] and Section 502 of the Employee Retirement Income Security Act of 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C. §1132), in that defendant has violated a collective bargaining agreement and certain Trust Agreements, thereby violating the provisions of ERISA and the provisions of the National Labor Relations Act of 1947.  This action is also brought pursuant to the Federal

COMPLAINT
-1-

1  Declaratory Judgment Act (28 U.S.C. §2201 et seq.) in a case of actual
2  controversy between plaintiffs and defendant, and for a Judgment that
3  defendant pay fringe benefit contributions in accordance with its
4  contractual obligations.
5         2.   Plaintiffs, Boards of Trustees of the Northern
6  California Floor Covering Industry Welfare Fund (hereinafter "Trust
7  Fund"), named in the caption are trustees of employee benefit plans
8  within the meaning of §§3(1) and (3) and §502(d)(1) of ERISA, 29
9  U.S.C. §1002(1) and (3) and §1132(d)(1), and a multiemployer plan
10 within the meaning of §§3(37) and 515 of ERISA, 29 U.S.C. §§1002(37)
11 and §1145.  Plaintiff Steve Havens is a trustee.  Said Trust Fund is
12 authorized to maintain suit as independent legal entities under
13 §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).
14        3.   Plaintiffs are informed and believe and thereupon
15 allege that defendant, SOUTHSIDE FLOORING INC., resides and does
16 business in Morgan Hill, California.  The collective bargaining
17 agreement was entered into in San Jose, CA.  Performance of the
18 obligations set forth therein is in this judicial district.
19        4.   Each and every defendant herein is the agent of each
20 and every other defendant herein.  Defendants and each of them are
21 engaged in commerce or in an industry affecting commerce.
22        5.   At all times pertinent hereto, defendant was bound by
23 a written collective bargaining agreement with Carpet, Linoleum & Soft
24 Tile Workers, Local 12, a labor organization in an industry affecting
25 commerce.  The aforesaid agreement provides that defendant shall make
26 contributions to the TRUST FUND, on behalf of defendant's employees
27 on a regular basis on all hours worked, and that defendant shall be
28 bound to and abide by all the provisions of the respective Trust

Agreement and Declarations of Trust of said TRUST FUND (hereinafter the "Trust Agreement").

6. The Trust Fund relies upon a self reporting system. Defendant has unique knowledge of the amounts of contributions that they are liable to pay each month, and have a fiduciary obligation to accurately report the amount to the Trust Fund.

7. Defendant has breached both the provisions of the collective bargaining agreement and the Trust Agreement above referred to by failing to complete and send in monthly reports and/or to pay all moneys due thereunder on behalf of defendant's employees to the TRUST FUND. Said breach constitutes a violation of ERISA (29 U.S.C. 1002, et seq.) and of the National Labor Relations Act of 1947.

8. Defendant has failed and refused to pay in a timely manner since February 2007. Pursuant to the terms of the collective bargaining agreement there is now due, owing and unpaid from defendant to the TRUST FUND contributions for hours worked by covered employees for the month of March 2007 and liquidated damages and interest which are specifically provided for by said agreements. The total amount due is unknown; additional monthly amounts will become due during the course of this litigation and in the interest of judicial economy, recovery of said sums will be sought in this case. Interest is due and owing on all principal amounts due and unpaid at the legal rate from the dates on which the principal amounts due accrued. The total amount due in this paragraph is unknown at this time, except to the defendant.

9. Demand has been made upon said defendant, but defendant has failed and refused to pay the amounts due the TRUST FUND or any part thereof; and there is still due, owing and unpaid from defendant

the amounts set forth in Paragraph 8 above.

10. An actual controversy exists between plaintiffs and defendant in that plaintiffs contend that plaintiffs are entitled to a timely monthly payment of trust fund contributions now and in the future pursuant to the collective bargaining agreement and the Trust Agreement, and defendant refuses to make such payments in a timely manner.

11. The Trust Fund does not at this time seek to audit the books and records of defendant. The only issue raised in this complaint is defendant's failure to complete and file voluntary monthly reports and pay the contributions due. The Trust Fund seeks to obtain a judgment for any outstanding delinquent contributions based on defendant's reports and to reserve the right to audit defendant for this or any other unaudited period.

12. The Trust Agreement provides that, in the event suit is instituted to enforce payments due thereunder, the defendant shall pay court costs and reasonable attorneys' fee. It has been necessary for plaintiffs to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION, as attorneys to prosecute the within action, and reasonable attorneys' fee should be allowed by the Court on account of the employment by plaintiffs of said attorneys.

WHEREFORE, plaintiffs pray:

1. That the Court render a judgment on behalf of plaintiffs for all contributions due and owing to the date of judgment based upon unaudited reporting forms, plus liquidated damages provided for by the contract, interest at the legal rate, reasonable attorneys' fees incurred in prosecuting this action and costs.

2. That the Court enjoin the defendant from violating the

terms of the collective bargaining agreements and the Trust Agreement for the full period for which defendant is contractually bound to file reports and pay contributions to the TRUST FUND.

    3. That the Court reserve plaintiffs' contractual right to audit defendant for months prior to judgment, and in the event of such audit, collect any additional sums which may be due.

    4. That the Court retain jurisdiction of this cause pending compliance with its orders.

    5. For such other and further relief as the Court deems just and proper.

DATED: July 10, 2007        ERSKINE & TULLEY
A PROFESSIONAL CORPORATION

By: /s/Michael J. Carroll
    Michael J. Carroll
    Attorneys for Plaintiffs

COMPLAINT
-5-